UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
DIQUAN FEDEE,

       Plaintiff,

     -against-

THE CITY OF NEW YORK; NEW YORK CITY
POLICE OFFICER ROSS GARNER, Shield
No. 21542; NEW YORK CITY POLICE
OFFICER PETER COLOMBINI, Shield No.
3403; NEW YORK CITY POLICE OFFICER
WILLIAM REDDING, Shield No. 18523;
NEW YORK CITY POLICE SERGEANT MICHAEL
MILLER, Shield No. 2951; JOHN DOE
SERGEANT; JOHN DOE #1; JOHN DOE #2;
JOHN DOES; RICHARD ROES;

       Defendants.
- - - - - - - - - - - - - - - - - - -X

AMENDED COMPLAINT

Plaintiff Demands
Trial By Jury

15 Civ. 7893 (AJN)

## PRELIMINARY STATEMENT

1.   This is a civil action in which the plaintiff, DIQUAN FEDEE, seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.  The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.   This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.   The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.   Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.   Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c).

## NOTICE OF CLAIM

6.   Plaintiff filed a timely Notice of Claim with the

Comptroller of the City of New York on September 18, 2014, within 90 days of the incidents complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## **PARTIES**

7.   Plaintiff was at all times relevant herein a resident of the State of New York, County of Queens.  Plaintiff is African-American.

8.   Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.   Defendants GARNER, COLOMBINI, REDDING, MILLER, JOHN DOE SERGEANT, JOHN DOE #1, JOHN DOE #2, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants GARNER, COLOMBINI, REDDING, MILLER, JOHN DOE SERGEANT, JOHN DOE #1, JOHN DOE #2, and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants GARNER, COLOMBINI, REDDING, MILLER, JOHN DOE SERGEANT, JOHN DOE #1, JOHN DOE #2, and JOHN DOES are sued individually.

10.  Defendants MILLER, JOHN DOE SERGEANT and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline

4

and control of subordinate members of the police department under their command. Defendants MILLER, JOHN DOE SERGEANT and RICHARD ROES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants MILLER, JOHN DOE SERGEANT and RICHARD ROES are sued individually.

### STATEMENT OF FACTS

11. On July 10, 2014, at approximately 11:05 p.m., Plaintiff was walking along the sidewalk on Marcus Garvey Blvd. between Hart and Willoughby Streets, in Brooklyn, New York.

12. Plaintiff was just walking down the sidewalk, and had not done anything remotely unlawful, and had no contraband of any sort on his person.

13. An unmarked NYPD police car containing four JOHN DOES plainclothes members of the NYPD – on information and belief Defendants POLICE OFFICER ROSS GARNER, POLICE OFFICER PETER COLOMBINI, POLICE OFFICER WILLIAM REDDING, POLICE SERGEANT MICHAEL MILLER (the latter three of which were previously denoted as JOHN

DOE SERGEANT, JOHN DOE #1, and JOHN DOE #2) - pulled up alongside Plaintiff.

14.  One of these four JOHN DOES members of the NYPD called out "yo" toward Plaintiff.

15.  Plaintiff, who was on the phone, ignored the person who had called out to him (who, at that point, Plaintiff did not yet know was a member of the NYPD), and kept walking.

16.  The four JOHN DOES members of the NYPD got out of the car.

17.  One of the JOHN DOES grabbed Plaintiff by Plaintiff's throat and by his wrists, two of the JOHN DOES positioned themselves so as to block Plaintiff in, and the fourth of the JOHN DOES began to unlawfully search inside of Plaintiff's bookbag.

18.  Plaintiff told the four JOHN DOES that they were not permitted to search inside of his bookbag.

19.  The JOHN DOE SERGEANT – on information and belief Defendant MILLER - said to Plaintiff, in sum and substance, "you hate the police, right nigger."

20.  The JOHN DOE SERGEANT called Plaintiff a "nigger" more than once.

21.  One of the four JOHN DOES told Plaintiff to turn the fuck around.

22.  The JOHN DOE (who was a very tall, stocky, white male) who had grabbed Plaintiff by the throat and the wrists, punched Plaintiff hard in the face, and knocked Plaintiff to the ground.

23.  While Plaintiff was on the ground, he felt two of the JOHN DOES' knees on his back.

24.  Plaintiff was rear-handcuffed by the JOHN DOES, still without receiving any explanation at all as to why he had been stopped, searched, punched, and now handcuffed.

25.  The JOHN DOES put Plaintiff into the car, and brought him to the NYPD 81st precinct.

26.  At the precinct the JOHN DOES tried to ask Plaintiff questions, and Plaintiff - angry that he had been assaulted and falsely arrested - declined to answer the questions.

27.  JOHN DOE SERGEANT – a middle aged white man with a bald head, on information and belief Defendant MILLER - then took Plaintiff to the back of the precinct, and asked Plaintiff if Plaintiff wanted to fight him.

28.  Plaintiff did not respond to JOHN DOE SERGEANT's challenge, and just looked at JOHN DOE SERGEANT.

29.  JOHN DOE SERGEANT then said that he was going to let Plaintiff go, but instead placed Plaintiff into a cell.

30.  Plaintiff was held at the precinct until the morning – still without being told the ostensible reason for his arrest and the abuse he had sustained – and then transferred to Brooklyn Central Booking.

31.  Plaintiff at some point while he was at the precinct heard one of the other four JOHN DOES (also a white male) referred to as "Red," presumably because he had a big red beard.  It is

also possible that "Red" was short for Defendant REDDING.

32.   Plaintiff was arraigned later that day, after approximately 16 hours in custody, and released on his own recognizance.

33.   Plaintiff was falsely charged with disorderly conduct under Penal Law § 240.20(1), and resisting arrest under Penal Law § 205.30.

34.   Defendant GARNER is the deponent on the Criminal Court complaint, and falsely alleged that Plaintiff grabbed Defendant GARNER by the wrist and refused to let Defendant GARNER go after several requests to release Defendant GARNER, and that Plaintiff resisted a lawful arrest by flailing Plaintiff's arms and refusing to be rear handcuffed.

35.   The allegations on the Criminal Complaint are lies.

36.   The very tall Defendant JOHN DOE grabbed Plaintiff's wrists and punched him in the face.

37.   Plaintiff did not grab any JOHN DOES' wrists, and did not resist arrest.

38.   Plaintiff was brutally punched in the face, manhandled, and handcuffed by the JOHN DOES.  There was no resistance, and no flailing of Plaintiff's arms.

39.   All charges against Plaintiff were dismissed in their entirety on or about September 4, 2014.

**FIRST CLAIM**

**DEPRIVATION OF RIGHTS UNDER THE
UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

40.  The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

41.  By their conduct and actions in unlawfully assaulting and battering plaintiff, violating rights to equal protection of plaintiff, falsely arresting plaintiff, unlawfully searching and seizing plaintiff, violating and retaliating for plaintiff's exercise of his rights to free speech and assembly, inflicting emotional distress upon plaintiff, maliciously prosecuting plaintiff, abusing process against plaintiff, fabricating an account and /or evidence with regard to plaintiff, violating rights to due process of plaintiff, failing to intercede on behalf of the plaintiff, and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants GARNER, COLOMBINI, REDDING, MILLER, JOHN DOE SERGEANT; JOHN DOE #1, JOHN DOE #2, and DOES and/or ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and

probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

42.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

43.  The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

44.  By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants MILLER, JOHN DOE SERGEANT and RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

45.  As a result of the foregoing, plaintiff was deprived

of his liberty and property, experienced injury, pain and
suffering, psychological and emotional injury, great
humiliation, costs and expenses, and was otherwise damaged and
injured.

### THIRD CLAIM

#### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
#### FOR CONSTITUTIONAL VIOLATIONS

46.  The plaintiff incorporates by reference the
allegations set forth in all previous Paragraphs as if fully set
forth herein.

47.  At all times material to this complaint, defendant THE
CITY OF NEW YORK, acting through its police department, and
through the individual defendants had de facto policies,
practices, customs and usages which were a direct and proximate
cause of the unconstitutional conduct alleged herein.

48.  At all times material to this complaint, defendant THE
CITY OF NEW YORK, acting through its police department, and
through the individual defendants, had de facto policies,
practices, customs, and usages of failing to properly train,
screen, supervise, or discipline employees and police officers,
and of failing to inform the individual defendants' supervisors
of their need to train, screen, supervise or discipline said
defendants.  These policies, practices, customs, and usages were

11

a direct and proximate cause of the unconstitutional conduct alleged herein.

49.   At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the use of excessive force by members of the NYPD. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

50.   At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

51.   At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops and frisks, which are implemented

12

disproportionately upon young men of color.  Such policies,
practices, customs and/or usages are a direct and proximate
cause of the unconstitutional conduct alleged herein.

52.  As a result of the foregoing, plaintiff was deprived
of his liberty and property, experienced injury, pain and
suffering, psychological and emotional injury, great
humiliation, costs and expenses, and was otherwise damaged and
injured.

<u>**FOURTH CLAIM**</u>

**RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK
FOR STATE LAW VIOLATIONS**

53.  The plaintiff incorporates by reference the
allegations set forth in all previous Paragraphs as if fully set
forth herein.

54.  The conduct of the individual defendants alleged
herein, occurred while they were on duty and in uniform, and/or
in and during the course and scope of their duties and functions
as New York City police officers, and/or while they were acting
as agents and employees of the defendant THE CITY OF NEW YORK,
and, as a result, the defendant THE CITY OF NEW YORK is liable
to the plaintiff pursuant to the state common law doctrine of
respondeat superior.

55.  As a result of the foregoing, plaintiff was deprived

13

of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

56.  The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

57.  By the actions described above, defendants did inflict assault and battery upon the plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

58.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST and FALSE IMPRISONMENT

59.  The plaintiff incorporates by reference the

allegations set forth in all previous Paragraphs as if fully set forth herein.

60.  By the actions described above, defendants caused to be falsely arrested or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

61.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### ABUSE OF PROCESS

62.  The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

63.  By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The purpose

of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

64.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### **EIGHTH CLAIM**

#### **VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW**

65.  The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

66.  By the actions described above, defendants violated plaintiff's rights to equal protection of law.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution

of the State of New York.

67.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### NINTH CLAIM

**INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

68.  The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

69.  By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused severe emotional distress to plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

70.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and

injured.

## TENTH CLAIM

### NEGLIGENCE

71.  The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

72.  The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

73.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

74.  The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

75.  Defendants THE CITY OF NEW YORK negligently hired,

screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

76.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

**TWELFTH CLAIM**

**MALICIOUS PROSECUTION**

77.  The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

78.  By the actions described above, defendants maliciously prosecuted plaintiffs without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

79.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and

suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### THIRTEENTH CLAIM

### CONSTITUTIONAL TORT

80.  Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

81.  Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 11 and 12 of the New York State Constitution.

82.  A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

83.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

a.   Compensatory damages;

b.   Punitive damages;

c.   The convening and empaneling of a jury to consider the merits of the claims herein;

d.   Costs and interest and attorney's fees;

e.   Such other and further relief as this court may deem appropriate and equitable.


Dated:    New York, New York
          April 19, 2016

                                    /S/  Jeffrey A. Rothman
                                  JEFFREY A. ROTHMAN, Esq.
                                  315 Broadway, Suite 200
                                  New York, New York 10007
                                  (212) 227-2980
                                  Attorney for Plaintiff